NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HOWARD JOHNSON INTERNATIONAL, INC., a Delaware Corporation,<br><br>     Plaintiff,<br><br>v.<br><br>VRAJ BRIG LLC, a New Jersey Limited Liability Company, et al.,<br><br>     Defendants. | Civ. No. 08-1466<br><br>OPINION & ORDER |

THOMPSON, U.S.D.J.

I. Introduction

This matter comes before the Court upon Plaintiff's Motion for Reconsideration [docket # 52]. The Court has decided the motion upon the written submissions of the parties and without oral argument. For the reasons given below, the motion is DENIED. Familiarity with the underlying facts of the case, as well as the Court's order of January 14, 2010, is presumed.

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985) (citing *Keene Corp. v. International Fidelity Insurance Co.,* 561 F.Supp. 656, 665 (N.D.Ill.1983)). Plaintiff argues that by granting Defendant Tucci's motion for summary judgment and dismissing Plaintiff's Lanham Act claim, this Court made a manifest error of law. Plaintiff also argues that the Court committed a manifest error of law by failing to dismiss Defendant's counterclaim for trespass. The Court addresses each of these arguments in turn.

1

II. <u>The Lanham Act Claim</u>

Plaintiff first argues that the Court erred in concluding that a landlord who passively allows a billboard displaying a protected trademark to remain on his property without selling any services at the property does not "use" the trademark within the meaning of the Lanham Act, and that in the absence of any "use," Defendant cannot be liable. To support its position, Plaintiff identifies several cases where landlords were held liable for the unauthorized use of a protected mark by their tenants. *See, e.g., Fonovisa, Inc. v. Cherry Auction, Inc.*, 76 F.3d 259, 265 (9th Cir. 1996). These cases have no bearing on the case at bar. These cases are premised on a theory of vicarious liability, which is to say, they require proof that somebody other than the landlord committed a violation which could then be imputed to the landlord. This case, by contrast, concerns allegations that the landlord itself is the primary infringer. If anything, the reasoning of these cases undermines Plaintiff's position. As the Ninth Circuit explained in *Fonovisa*, landlord liability for a tenant's infringement is justified in part by the fact that landlords themselves reap benefits from their tenants' infringing activities. *Id.* at 263. There is no allegation here that Defendant stood to realize any gain from its display of Plaintiff's protected marks. Since the cases cited by Plaintiff are inapposite to the case at bar, the Court did not overlook any controlling law, and there is no need to reconsider its prior ruling.

Plaintiff also takes issue with the Court's conclusion that in this case there is no evidence of a connection to the offer or sale of goods or services, another prerequisite for liability under the Lanham Act. Plaintiff argues that the display of the Howard Johnson mark on a billboard qualifies as an "advertisement," and notes that, at least in the Ninth Circuit, an advertisement can violate the Lanham Act even when the advertiser does not have the capability or intention of actually selling the goods or services advertised. *See Levi-Strauss v. Shilon*, 121 F.3d 1309 (9th

Cir. 1997). However, *Levi-Strauss* and the other cases to which Plaintiff cites address situations where the defendant made an explicit offer of sale. This case does not concern any such explicit offer. All this case concerns is a billboard displaying the Howard Johnson logo standing on Tucci's property. In the absence of any additional relevant facts suggesting that he is actually selling hotel services, the mere existence of a billboard on Tucci's land is not sufficient evidence to support a finding that Tucci is advertising the goods or services displayed on the billboard. Landowners near highways routinely have billboards on their property advertising goods or services which they are not in the business of selling themselves. In sum, even if the Court were to conclude that Tucci is "using" the Howard Johnson trademark, he is not "advertising" any goods or services himself. Therefore, the Court's prior conclusion that the facts of this case do not bear the requisite connection to the provision or offer of goods or services was correct. This is an additional reason to deny Plaintiff's motion for reconsideration.

### III. The Trespass Counterclaim

Plaintiff insists that the Court erred in not dismissing Defendant Tucci's claim for trespass, arguing that the sign itself is Tucci's property and consequentially that its presence on Tucci's land cannot be considered a trespass. Tucci responds by asserting that there is a genuine issue of fact as to who exercised control over the sign at what time. The parties' briefing papers—both in regards to the original motions for summary judgment and here on reconsideration—do not make clear what the ownership arrangement is with regards to the physical signage upon which the Howard Johnson marks are displayed. In the absence of a clear understanding as to this ownership arrangement, the Court is not in a position to grant summary judgment to either party. Therefore, there is no need for the Court to reconsider its earlier ruling.

IV. Conclusion

For the foregoing reasons, it is ORDERED, this 8th day of March, 2010, that Plaintiff's Motion for Reconsideration [52] is DENIED.

*/s/  Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.

4